## Augustus P. Tucker and another v. Hiram A. Tucker and another.

*Mortgage construed.* Where a mortgage from a son to his parents, for their support, provides among other things for the use of a horse and buggy, "whenever they or either of them may desire, and call upon the said Hiram A. for one," the right to its use is several as well as joint; and either one is entitled to such damages as result from a failure to furnish it, on demand reasonably made by such party for his or her sole accommodation.

*Decree: Damages fixed without evidence.* Where a breach assigned had been followed by a decree, giving the sum of twenty-five dollars as the amount to which both complainants were then entitled for previous failures, and on a subsequent application by one of the mortgagees, for a decree founded on a further breach, the court refused a reference; and, without testimony, fixed the amount of recovery at twenty-five dollars for a year, and gave the applicant (who was the father) only a portion of that, it was held that this was erroneous; and that the court could not fix the sum without evidence, and could not limit it below the actual damage sustained, and could make no decree based on what had been recovered for former breaches; and that the party aggrieved was entitled to all, and not merely to a part of the damages accruing from refusals to supply his individual demands.

*Decree for future damages.* It is impossible to determine in advance what damages may result in future from a failure to perform such a condition ; and, whenever a complaint is made, it must be determined on its own merits. No court has any authority to make a decree in advance, which shall limit the amount of recovery for such future violations.

*Heard April 4. Decided April 10.*

TUCKER *v.* TUCKER.

Appeal in Chancery from Branch Circuit.

*E. G. Parsons* and *A. F. Wilcox,* for complainants.

*Shipman & Loveridge,* for defendants.

CAMPBELL, J.

The original bill in this cause was filed to foreclose a mortgage given by Hiram A. Tucker to his parents, the complainants, conditioned to furnish them a house and maintenance, and the use of a horse and buggy, and to perform some other conditions. In case of election they were to have five hundred dollars a year in lieu of the various items of maintenance.

On the 14th of April, 1869, a decree was made establishing their right: *First,* to maintenance in manner provided, or in lieu thereof, five hundred dollars a year which it was declared they had elected to receive; *second,* to a house; and *third,* to the use of a horse and buggy "whenever they or either of them may desire, and call upon the said Hiram A. for one ; which demand has been made by complainants (and the complainants being hereby allowed the sum of twenty-five dollars per year for failure to furnish the same)." The decree then went on to state that all these conditions had been broken, and after allowing a deduction from the amount due complainants on the bond and mortgage, of two hundred dollars per year for two years, and three months' separate support of Mrs. Tucker, and a future allowance of the same amount so long as she was so separately provided for, decreed payment to Augustus P. Tucker of the balance due on the mortgage. It contained also a provision for coming in on future defaults for further decrees on the foot of the original decree.

In July, 1871, complainant, Augustus P. Tucker, petitioned for a further decree on account of a breach of the

bond by failure to supply him with a horse and buggy, and asked for a reference to ascertain the amount due; but the court assuming that the value of that privilege had been already fixed by the decree at twenty-five dollars a year, proceeded, without a reference, to order relief on that footing, and allowed him fifteen dollars per year, on the theory that the decree had determined his share at three-fifths. From this he appeals.

We think the court should have taken steps to ascertain the proper amount of relief, without reference to the sum fixed by the former decree. The sum of five hundred dollars a year was liquidated by the bond itself, and therefore no question could arise concerning its amount; and therefore, the court very properly apportioned it so long as the wife received a separate maintenance, which it was contemplated might be permanently. But the value to complainants of the use of a horse and buggy could not be determined in advance, and the statute in regard to mortgages payable by installments only allows a decree to be made at any time for amounts actually due.—*Comp. L.*, §§ *3574-5-6-7*. No court can, therefore, decree in advance what measure of damages shall be given for future breaches, where the mortgage furnishes no means of computation, and where the amount must be fixed by proof of the extent of the injury. And we think no design is shown to make the decree in this case perform any such office.

The provision in the bond and in the decree, concerning the furnishing of a horse and buggy, is not joint, but joint and several, and contemplates that either complainant may have a separate cause of grievance for a failure. No one could speculate in advance what would be required to comply with the reasonable wishes, or to accommodate the business, or aid the infirmities, of either complainant. The

necessity might increase or diminish according to circumstances. Increasing age might require such accommodation more frequently, and it might render the parties incapable of using it. The main object of the bond was to furnish an assurance of the use of a horse and buggy when desired, and any attempt to commute in advance what the parties had not themselves provided for commuting, could hardly fail to cause injustice. Not only might occasions multiply, but the expenses of obtaining the use of a horse and buggy could hardly continue uniform when the prices of all commodities fluctuate; and the commutation fixed might be excessive, or it might be absurdly inadequate. If the parties do not agree on the amount, there is no way of ascertaining it except by taking steps to have the proper measure of redress determined by proofs under a reference, or some other mode of inquiry, where the parties can be heard and the testimony duly weighed and considered. And on such a hearing the amount of damages allowed for a former breach should receive no attention whatever.

The decree must be reversed, with costs, and the cause must be remanded to the circuit court to proceed to an inquiry, by reference or otherwise, to ascertain and determine the amount of compensation which should be allowed to the complainant, Augustus P. Tucker, for the failure to furnish him the use of a horse and buggy, and upon such ascertainment and determination, to make the usual decree of foreclosure and sale to satisfy the amount found due, with costs of both courts.

The other Justices concurred.